UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL CISNEROS,<br><br>    Petitioner,<br><br>  v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 18-cv-04049-HSG (PR)<br><br>**ORDER OF DISMISSAL** |

Petitioner, an inmate at Pelican Bay State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2016 conviction in San Mateo County Superior Court for kidnapping in the commission of a carjacking. Petitioner currently is challenging the same conviction in another earlier-filed petition for writ of habeas corpus, *Cisneros v. Robertson*, Case No. 18-cv-1877 HSG. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

A prisoner generally may not file multiple habeas petitions challenging the same conviction and sentence. Instead, he must assert all his claims in a single petition. A repetitive claim presented in a successive petition under 28 U.S.C. § 2254 must be dismissed. *See* 28 U.S.C. § 2244(b)(1). A new claim presented in a successive petition under 28 U.S.C. § 2254 must be dismissed unless it satisfies one of two sets of requirements in § 2244(b)(2), and then only after the petitioner has obtained permission from the court of appeals to file the successive permission. *See* 28 U.S.C. § 2244(b)(3)(A). The rules against second and successive petitions only apply after the earlier proceeding has reached a final decision. *See Woods v. Carey*, 525 F.3d 886, 889 (9th Cir. 2008). But the concerns that prompt these rules—avoidance of multiple actions challenging the same conviction—exist even before there has been a final decision in the first petition. When

a petitioner files an action in the nature of a second or successive petition, but while a first petition is still pending, the district court should construe the new petition as a motion to amend his pending habeas petition. *Id.* at 890. "The district court then has the discretion to decide whether the motion to amend should be granted." *Id.*

Here, the present action is in the nature of a second or successive petition, but there is another petition pending that challenges the same 2016 conviction. Accordingly, a copy of the petition filed in this action will be placed in the case file for Case No. 18-cv-1877 HSG, where it will be treated as a motion to amend the petition in that action. The present action is **DISMISSED** because Petitioner may not simultaneously pursue two different habeas petitions challenging the same conviction. The dismissal of this action is without prejudice to Petitioner pursuing in Case No. 18-cv-1877 HSG all of his claims regarding the 2016 conviction from San Mateo County Superior Court. Because this action (Case No. 18-cv-4049 HSG) is being dismissed today, Petitioner should not file any more documents in it, or use the case number for it in any future filings.

The Clerk will mark a copy of the petition from this action as a "motion to amend" and put that copy in the case file for Case No. 18-cv-1877 HSG. The Clerk shall then enter judgment close this file in this action.

**IT IS SO ORDERED.**

Dated: 7/17/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge